506 S.E.2d 2

David A. McDANIEL

v.

COMMONWEALTH of Virginia.

Record No. 2152–97–1.

Court of Appeals of Virginia,
Norfolk.

Oct. 27, 1998.

James B. Thomas, Hampton, for appellant.

Ruth Ann Morken, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: BENTON, ELDER and LEMONS, JJ.

BENTON, Judge.

Prior to trial, David A. McDaniel filed a motion to suppress statements he made to the police. The trial judge denied the motion and, after a bench trial, convicted McDaniel of statutory burglary, grand larceny, and receiving stolen property. On appeal, McDaniel contends the police interrogated him in violation of his Fifth Amendment right to counsel and the trial judge erred in refusing to suppress his statement. For the reasons that follow, we reverse the convictions and remand for a new trial.

## I.

The facts pertinent to the motion to suppress are essentially undisputed. Detective Rodney Caison of the Hampton City Police Department testified that he arrested David A. McDaniel for burglary and larceny pursuant to arrest warrants. From a preprinted card, the detective read to McDaniel a statement of *Miranda* rights but did not question McDaniel at that time. After searching McDaniel's residence, the detective transported McDaniel to an investigative services office. There, the detective began to interrogate McDaniel concerning his involvement in the crimes.

Before responding to the interrogation, McDaniel stated, "I think I would rather have an attorney here to speak for me." The detective testified that he interpreted McDaniel's statement to be a question and told McDaniel that he could not tell him whether he needed an attorney. Continuing the interrogation, the detective told McDaniel that he should be truthful because two witnesses saw him commit the offenses and because McDaniel's accomplice had confessed to the crimes and implicated McDaniel in the crimes. The detective testified that McDaniel responded, "[y]ou already know everything," and then confessed to committing the crimes.

McDaniel also testified at the suppression hearing. He confirmed that he made the request for an attorney as recited by the detective.

The trial judge found that McDaniel's request for an attorney was not a question. However, reasoning that "[t]he word rather in the middle of his statement indicates some degree of choice," the trial judge ruled that the request for counsel was ambiguous.

## II.

To ensure the right against compelled self-incrimination, the Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Long ago, the United States Supreme Court addressed "the admissibility of statements obtained from an individual who is subjected to custodial police interrogation and the necessity for procedures which assure that the individual is accorded his [or her] privilege under the Fifth Amendment to the Constitution not to be compelled to incriminate himself [or herself]." *Miranda v. Arizona*, 384 U.S. 436, 439, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court "held ... that ... [an accused] subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right [to the accused] ... before questioning begins." *Davis v. United States*, 512 U.S. 452, 457, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (citing *Miranda*, 384 U.S. at 469–73, 86 S.Ct. 1602).

After the police have advised an accused of the *Miranda* rights, the accused may make a knowing and intelligent waiver of those rights and respond to the police interrogation. *See Edwards v. Arizona*, 451 U.S. 477, 483–84, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). However, if the accused "express[es] his desire to deal with the police only through counsel, [the accused] is not subject to further interrogation by the authorities until counsel has been made available to him ... [or] the accused himself initiates further communication, exchanges, or conversations with the police." *Id.* at 484–85, 101 S.Ct. 1880. Recently, the Supreme Court ruled that the test for determining whether the accused invoked the right to counsel is an objective one. *Davis*, 512 U.S. at 457–59, 114 S.Ct. 2350. The

Court must determine whether the accused "articulate[d] his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id.* at 459, 114 S.Ct. 2350.

Although the detective testified that he "interpreted" McDaniel's response to be a question, and not a request for an attorney, the trial judge rejected that explanation after hearing the detective recite the words and provide his recollection of inflections that McDaniel used. The trial judge stated, "it's not a question—there's no way it could be a question." We agree with the trial judge's finding. Nothing about the construction of McDaniel's words indicates that McDaniel spoke anything other than a declarative statement.

The trial judge also found, however, that "[t]he word 'rather' in the middle of his statement indicates some degree of choice." Based on that finding, the trial judge ruled that the statement was ambiguous. We disagree. The statement, as ordinarily understood, is unambiguous.

Although the record does not contain the precise language contained on the card from which the detective read to McDaniel the *Miranda* rights, those rights typically are worded to inform an accused as follows:

### MIRANDA WARNING

1. You have the right to remain silent.
2. Anything you say can and will be used against you in court.
3. You have the right to talk to a lawyer and have him present while you are being questioned.
4. If you cannot afford to hire a lawyer, one will be appointed to represent you, without cost, before any questioning, if you desire one.

*Harrison v. Commonwealth,* 244 Va. 576, 578, 423 S.E.2d 160, 161 (1992). *See also Smith v. Commonwealth,* 7 Va.App. 310, 312, 373 S.E.2d 340, 341–42 (1988).

McDaniel's response after the detective informed him of the *Miranda* rights was, "I think I would rather have an attorney here to speak for me." That statement contains no ambiguity. The word "think" is generally defined "to have in one's mind as an intention or desire," *Webster's Third New International Dictionary of the English Language* 2376 (1986), and the word "rather," in the context of McDaniel's statement, means "more readily" or "prefer to." *Id.* at 1885. The statement was an appropriate response to the warnings, which gave McDaniel the choice of speaking with the detective without an attorney or having an attorney present while the detective questioned him. McDaniel clearly informed the detective that he desired to have an attorney speak for him. *See State v. Jackson,* 348 N.C. 52, 497 S.E.2d 409, 412 (1998) (ruling that the response " 'I think I need a lawyer present,' . . . was not an ambiguous statement."). In requesting an attorney, McDaniel was not required to " 'speak with the discrimination of an Oxford don.' " *Davis,* 512 U.S. at 459, 114 S.Ct. 2350.

McDaniel's statement is qualitatively different than statements held to be ambiguous by the United States Supreme Court and the Supreme Court of Virginia. McDaniel did not phrase his response in the form of a question. *See Mueller v. Commonwealth,* 244 Va. 386, 396–97, 422 S.E.2d 380, 387 (1992) ("Do you think I need an attorney here?"); *Eaton v. Commonwealth,* 240 Va. 236, 252–54, 397 S.E.2d 385, 395–96 (1990) ("You did say I could have an attorney if I wanted one?"). Furthermore, McDaniel expressed more than a mere "reservation" about continuing the interrogation without counsel. *See Davis,* 512 U.S. at 462, 114 S.Ct. 2350 ("Maybe I should talk to a lawyer."); *Midkiff v. Commonwealth,* 250 Va. 262, 267, 462 S.E.2d 112, 115–16 (1995) ("I'm scared to say anything without talking to a lawyer.").[1]

---

1. In *Davis,* the suspect stated during the interrogation, "Maybe I should talk to a lawyer." 512 U.S. at 455, 114 S.Ct. 2350. He then continued to talk to the investigator. The Court concluded that the confession did not have to be suppressed because Davis only indicated that he *"might* want a lawyer." *Id.* at 462, 114 S.Ct. 2350 (emphasis in original). The Court also noted, however, that later, while still being interrogated,

We hold that McDaniel unambiguously responded with sufficient clarity that a reasonable police officer would have understood that McDaniel wanted an attorney. Thus, the interrogation should have ceased. *See Edwards,* 451 U.S. at 484–85, 101 S.Ct. 1880. Because we conclude that the detective gained McDaniel's confession by continuing the interrogation after McDaniel had invoked his Fifth Amendment right to counsel, we reverse the trial judge's denial of the suppression motion. Accordingly, we reverse the convictions and remand this matter to the circuit court for a new trial.

*Reversed and remanded.*

LEMONS, Judge, dissenting.

An intermediate appellate court is institutionally squeezed between its obligation to follow legal principles of higher courts and its obligation to grant deference to the fact finding function of lower courts. In this case, the majority fails to honor either obligation. I respectfully dissent.

Upon his arrest at his residence for burglary, grand larceny and receiving stolen property, McDaniel was read a statement of his *Miranda* rights. He was not questioned at that time; rather, he was transported to a police office for interrogation. Before the interrogation began, McDaniel stated to the detective, "I think I would rather have an attorney here to speak for me." Referring variously to the defendant's "emotion," "demeanor," "body language" and the circumstances of the encounter, the detective stated that, "If you were there and around the atmosphere and everything, he was looking at me for a response." Although the trial court rejected the detective's characterization of McDaniel's statement as a question,

---

Davis said, "I *think* I want a lawyer before I say anything else." *Id.* at 455, 114 S.Ct. 2350 (emphasis added). The Court observed that the interrogation then ceased immediately. *Id.* While the issue whether Davis' second statement was ambiguous was not before the Court, the fact that the interrogators ceased questioning Davis indicates that the investigators understood Davis' statement to be a clear request for counsel. We believe that the Court's recitation of the circumstances leading to the cessation of the questioning is significant.

the trial judge compared the statement to others considered by the Supreme Court of Virginia and the United States Supreme Court and found "an equivalent amount of equivocation, ambiguity, in the statement as spoken by this defendant, as there has been in those other cases where other language was cited."

The detective responded to McDaniel by saying, "I can't tell you if you need an attorney or not" and told McDaniel that he needed to be "truthful to the Court, because the facts are we have two witnesses that were working surveillance and saw you at Sears in the compound" and that the other suspect had "already confessed and implicated" McDaniel. Thereafter, McDaniel made incriminating statements concerning the charges.

Law enforcement officers must immediately cease questioning a suspect who has clearly asserted his or her right to have counsel present during custodial interrogation. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). After *Edwards,* many courts have addressed what it means to "clearly assert" the right to have counsel. The United States Supreme Court revisited the issue in *Davis v. United States,* 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), where the defendant had been read his *Miranda* rights, waived his right to remain silent, and after one and one-half hours of interrogation said, "Maybe I should talk to a lawyer." In finding that Davis' statement was equivocal, the Court stated:

> The applicability of the rigid prophylactic rule of *Edwards* requires courts to determine whether the accused actually invoked his right to counsel. To avoid difficulties of proof and to provide guidance to officers conducting interrogations, this is an objective inquiry. Invocation of the *Miranda* right to counsel requires at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances, would have understood only that the suspect

might be invoking the right to counsel, our precedents do not require the cessation of questioning.

*Id.* at 458–59, 114 S.Ct. 2350 (citations and quotations omitted).

The prohibition of further questioning after clear assertion of the right to counsel during custodial interrogation is not required by the Fifth Amendment's prohibition on coerced confessions; rather, it is a prophylactic rule created by the courts. Because it is judge made rather than constitutionally created, courts have narrowly applied the rule. In declining to expand the rule, the Court in *Davis* further stated:

But when the officers conducting the questioning reasonably do not know whether or not the suspect wants a lawyer, a rule requiring the immediate cessation of questioning would transform the *Miranda* safeguards into wholly irrational obstacles to legitimate police investigative activity, because it would needlessly prevent the police from questioning a suspect in the absence of counsel even if the suspect did not wish to have a lawyer present.

*Id.* at 460, 114 S.Ct. 2350 (citations and quotations omitted). Declining to adopt a rule requiring questions clarifying a suspect's ambiguous statements, the Court stated:

But we are unwilling to create a third layer of prophylaxis to prevent police questioning when the suspect might want a lawyer. Unless the suspect actually requests an attorney, questioning may continue.

*Id.* at 462, 114 S.Ct. 2350.

From the direction given by the United States Supreme Court in *Davis,* two points are abundantly clear: (1) the test to determine if the defendant's statement "clearly asserts" his or her right to counsel is an objective one viewed through the eyes of a reasonable police officer in light of the totality of the circumstances, and (2) the officer has no duty to ask questions to resolve ambiguity before questioning may continue.

In the case before us, the trial court found from the defendant's statement and the circumstances surrounding the statement the existence of sufficient ambiguity to justify con-

tinued questioning by the detective. Upon review, "an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth." *Cheng v. Commonwealth*, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990). On appeal from a denial of a motion to suppress, the burden is upon the defendant to show the trial judge's ruling, when the evidence is viewed most favorably to the Commonwealth, constituted reversible error. *See Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

Counsel for McDaniel conceded at oral argument that the statement, "I think I would rather have an attorney here to speak for me," could have several meanings depending upon context and other circumstances, such as voice inflection and body language. The majority is unwilling to embrace the honest concession of counsel and declares the words themselves to be unambiguous. The majority focuses upon the trial court's observation that "[t]he word 'rather' in the middle of the sentence indicates some degree of choice." The majority ignores the trial judge's consideration of the context of the declaration and circumstances surrounding it and concludes, "[t]he statement, as ordinarily understood is unambiguous."

However, the majority's focus upon the word "rather" both fails to apply the objective analysis required under *Davis* and ignores its context within the sentence. McDaniel did not state, "I would rather have an attorney here to speak for me." Instead, McDaniel stated, "*I think* I would rather have an attorney here to speak for me." (Emphasis added). The trial court's finding was based upon the statement as a whole, not merely upon its interpretation of the word "rather."

A correct analysis of the statement requires that we consider the statement in its entirety. The majority cites *Webster's Third New International Dictionary of the English Language* 2376 (1986), for the definition of the word "think" as "to have in one's mind as an intention or desire." However, the same source used by the majority defines "think" as "to reflect on," "to ponder," "to have the mind engaged in reflection," and

"consider." *Id.* Words listed as synonyms for the word "think" include "reflect, reason, deliberate...." *Id.* The existence of numerous and diverse definitions, including "consider," underscores the ambiguity of the term, "think." When the sentence is considered in its entirety, "I think" imports inherent ambiguity to the term "rather" and to the sentence as a whole.

As the United States Supreme Court has made abundantly clear, the trial court must ask if a reasonable police officer, considering the totality of the circumstances and the context of the statement, would have interpreted the statement as a clear assertion of the right to counsel. In this case, the trial judge considered the testimony of witnesses concerning the circumstances surrounding McDaniel's statement. Although rejecting the conclusion drawn by the detective that the defendant was asking a question, it is clear that the trial judge agreed with the detective that McDaniel's statement was equivocal and ambiguous such that it invited a response from the detective. The detective referred to "emotion," "demeanor," and "body language," and the trial court was entitled to rely upon this testimony when interpreting the language at issue in this case.

Our Court and the Supreme Court of Virginia have engaged in the same analysis in an effort to apply legal principles of higher courts while demonstrating deference to the factual findings of the trial court. In *Midkiff v. Commonwealth,* 250 Va. 262, 267, 462 S.E.2d 112, 115–16 (1995), the Supreme Court of Virginia applied the objective test set out in *Davis.* The Court held that the suspect's statement, "I'm scared to say anything without talking to a lawyer," was not a clear and unequivocal invocation of the right to counsel.

The majority cites *State v. Jackson,* 348 N.C. 52, 497 S.E.2d 409 (1998), in support of its argument. While the majority correctly states that the Supreme Court of North Carolina held that the statement, "I think I need a lawyer present," was not ambiguous, *Jackson* is distinguishable in two respects. First, the *Jackson* court erroneously concluded that *Davis* was

not controlling. *Id.,* at 56, 497 S.E.2d at 412. Second, during the interrogation, the officer made the following notation, "2:04 P.M. on 12–20–94, wants a lawyer present." *Id.* A proper application of the *Davis* test by the *Jackson* court would have revealed that under the totality of the circumstances, including the officer's expressed observations—as revealed in his notes—Jackson's statement was a clear and unequivocal invocation of the right to counsel. Therefore, the officer's subsequent failure to cease questioning violated the rule articulated in *Edwards.*

Recently, in *Green v. Commonwealth,* 27 Va.App. 646, 500 S.E.2d 835 (1998), we considered whether a suspect's statement that "he didn't know anything about this incident and he wasn't going to say anything else unless he had an attorney" was a clear and unequivocal invocation of the right to counsel. Green argued that his statement constituted a clear and unequivocal request for counsel and that any statement made by him which followed his request should have been suppressed.

We rejected Green's argument, relying on various cases which the majority in this case attempts to distinguish from the case now before us. In *Green,* we reiterated the objective test in *Davis,* stating, "[t]he Virginia Supreme Court has declared that a clear and unambiguous assertion of the right to remain silent or to counsel is necessary before authorities are required to discontinue an interrogation." *Id.* at 653, 500 S.E.2d at 838.

Relying on the Supreme Court of Virginia's refusal to recognize such phrases as, "Do you think I need an attorney?", *Mueller v. Commonwealth,* 244 Va. 386, 396–97, 422 S.E.2d 380, 387 (1992), "I'm scared to say anything without talking to a lawyer.", *Midkiff,* 250 Va. at 267, 462 S.E.2d at 115–16, "Didn't you say that I had the right to an attorney?", *Poyner v. Commonwealth,* 229 Va. 401, 410, 329 S.E.2d 815, 823 (1985), and "You did say I could have an attorney if I wanted one?", *Eaton v. Commonwealth,* 240 Va. 236, 252–54, 397 S.E.2d 385, 395–96 (1990), as unequivocal invocations of

the right to counsel, we held that Green's statement also failed to constitute a clear invocation of the right to counsel. *Green,* 27 Va.App. at 653, 500 S.E.2d at 838.

Courts in other states have reached similar results. In *State v. Parker,* 886 S.W.2d 908 (Mo.1994), the Supreme Court of Missouri held that "neither Parker's refusal to sign the waiver form, *nor his statement that he 'ought' to talk to a lawyer*" constituted an unambiguous invocation of his right to counsel. *Id.* at 918 (emphasis added). In *State v. Travis,* 26 Ariz.App. 24, 545 P.2d 986 (1976), the Arizona Court of Appeals did not consider the defendant's statements that "he might want an attorney" to be "sufficient to have required cessation of further questioning." *Id.,* 545 P.2d at 991. Similarly, in *People v. Kendricks,* 121 Ill.App.3d 442, 77 Ill.Dec. 41, 459 N.E.2d 1137, 1140–41 (1984), the Appellate Court of Illinois held that the defendant's statement to the police that "You know, I kind of think I know [sic] a lawyer, don't I" or "I think I might need a lawyer" were not clear assertions of the right to counsel. The *Kendricks* court relied heavily upon the reasoning in *People v. Krueger,* 82 Ill.2d 305, 45 Ill.Dec. 186, 412 N.E.2d 537 (1980). In *Krueger,* the Illinois appellate court held that the defendant's statements, "Maybe I ought to have an attorney," "Maybe I need a lawyer," or "Maybe I ought to talk to an attorney" were not clear, unambiguous invocations of the right to counsel, and the officers were not required to cease questioning. *Id.* at 189, 412 N.E.2d at 540.

Showing obedience to the legal principles articulated by the Supreme Court of Virginia and the United States Supreme Court and granting proper deference to factual findings and reasonable inferences drawn by the trial court, I would hold that McDaniel's statement was not a clear assertion of his right to counsel. For this reason, I would affirm the convictions.